IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| CASSANDRA DENISE TAYLOR, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | * | No. 5:16CV00338-JJV |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Cassandra Taylor, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-one years old at the time of the administrative hearing. (Tr. 47.) She is a high school graduate and her past relevant work includes work as an assistant manager, cashier, and short order cook. (Tr. 63.)

Plaintiff alleges she is disabled due to a combination of impairments. The Administrative Law Judge (ALJ)[2] first found Ms. Taylor had not engaged in substantial gainful activity since December 10, 2013 – the alleged onset date. (Tr. 29.) The ALJ next determined Ms. Taylor has "severe" impairments in the form of lumbar spine degenerative disc disease with radiculopathy, arthritis, hypertension, diabetes mellitus with neuropathy, and obesity. (*Id.*) The ALJ further found Ms. Taylor did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (Tr. 31.)

The ALJ determined Ms. Taylor has the residual functional capacity to perform a slightly reduced range of light work. (Tr. 31.) Given this finding, the ALJ concluded Ms. Taylor could no longer perform her past relevant work. (Tr. 36.) So, utilizing the services of a vocational expert (Tr. 62-65), the ALJ determined whether other jobs existed that Ms. Taylor could perform despite her impairments. The ALJ determined that Plaintiff was capable of performing the jobs of production shells inspector and machine bench press operator. (Tr. 37.) Accordingly, the ALJ determined Ms. Taylor was not disabled. (Tr. 38.)

Plaintiff argues that the ALJ erred by concluding she maintained the residual functional capacity to perform light work. (Doc. No. 13 at 11-17.) I have carefully considered Plaintiff's argument and find that the record provides sufficient evidence to support the ALJ's findings. Plaintiff's most notable impairments are degenerative disc disease of her lumbar spine and diabetes.

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

But a review of the treatment notes reveals that Ms. Taylor's doctors ordered only conservative treatment for her impairments. (Tr. 278, 573-75.) With regard to her diabetes, the Commissioner correctly points out that Ms. Taylor has endured this impairment since 2007 but she was still able to work for several years. *Gowell v. Apfel,* 242 F.3d 793, 798 (8th Cir. 2001) (substantial evidence to support ALJ's denial of benefits when, *inter alia*, claimant " . . . has worked for years with whatever impairments she has . . .").

Plaintiff has provided persuasive evidence in the form of Residual Functional Capacity questionnaires completed by her treating doctor, Timothy Simon, M.D. (Tr. 331-332, 521-522.) Her treating doctor should generally be given deference. But after a close review of the record, I find the ALJ could properly discount his opinions.

> The United States Court of Appeals for the Eighth Circuit has reiterated:
>
> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Simon's conclusions. While Dr. Simon reports that Ms. Taylor is greatly limited, the medical evidence of record simply fails to support his assessment. Plaintiff's numerous diagnostic tests fail to provide objective evidence of limitation to the degree Dr. Simon reports. (Tr. 313, 318, 320, 348, 349-353, 381-385, 427-429, 443, 449, 476, 578.)

So rather than rely on Dr. Simon's opinion, the ALJ rightly gave greater weight to the opinions of Lucy Sauer, M.D., and James Wellons, M.D. (Tr. 73-77, 79-88.) While not having the opportunity to actually examine or treat Plaintiff, these doctors reviewed Plaintiff's medical records and provided fairly detailed analyses. I have carefully reviewed their opinions, as did the ALJ, and

I find no reversible error in relying on them over Plaintiff's treating doctor in this case.

Plaintiff also argues the ALJ's subjective symptom evaluation was flawed. (Doc. No. 13 at 11-17.) Given the lack of objective medical evidence in support of Plaintiff's allegations, the conservative treatment prescribed, and the lack of lasting restrictions placed on Plaintiff by her physicians, the ALJ could correctly discount the Plaintiff's subjective complaints. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and the Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). The ALJ made specific findings explaining his conclusions regarding Plaintiff's subjective complaints. *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's testimony of disabling symptoms. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

I am sympathetic to Ms. Taylor's claims as she clearly has limitations. But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*,

956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 10th day of April, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE